**UNITED STATES DISTRICT COURT**
**THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Ronny Vega,<br><br>     Plaintiff,<br><br>    -against-<br><br>SLEEPY HOLLOW HOLDINGS LLC d/b/a Sleepy Hollow Hotel & Conference Center, Shlomo Suchard, Igor Alterman and Linda Doe,<br>     Defendants. | Civil Action No. 7:26-cv-00183-PMH<br>**ANSWER WITH AFFIRMATIVE DEFENSES** |

Igor Alterman ("Defendant") by and through his counsel, Book Law LLP, for their answer to the Complaint, filed by Plaintiff Ronny Vega, respectfully respond as follows:

Defendant denies each and every allegation, statement, matter, and thing contained in the complaint except hereinafter expressly admitted or alleged. To the extent that any specific allegation in the Complaint is not addressed, that allegation is denied. The repetition of some of the Complainant's subheadings is done solely for organizational purposes and is not an admission of their truth.

### AS TO "NATURE OF THE ACTION"

1. Defendant states that Paragraph 1 sets forth Plaintiff's legal theories of recovery to which no response is required. To the extent that an answer is required, Defendant denies the allegations in Paragraph 1.

2. Defendant states that Paragraph 1 sets forth Plaintiff's legal theories of recovery to which no response is required. To the extent that an answer is required, Defendant denies the allegations in Paragraph 2.

1

## AS TO "PARTIES"

3.  Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

4.  Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5.  Defendant states that Paragraph 5 states legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

6.  Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 6.

7.  Defendant states that Paragraph 7 states legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

8.  Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9.  Defendant admits the allegations in Paragraph 9.

10. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

11. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 11.

12. Defendant states that Paragraph 12 states legal conclusions to which no answer is required. To the extent an answer is required, Defendant the allegations in Paragraph 12.

## AS TO "JURISDICTION AND VENUE"

13. Defendant states that Paragraph 13 states legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 13.

14. Defendant states that Paragraph 14 states legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 14.

15. Defendant states that Paragraph 15 states legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 15.

## AS TO "FACTS"

16. Defendant denies that he "owned and operated a hotel located at 455 S. Broadway, Tarrytown, New York, doing business under the name Sleepy Hollow Hotel. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 16 as to the other named defendants.

17. Defendant admits the allegations in Paragraph 17.

18. Defendant states that Paragraph 18 states legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 18.

19. Defendant states that Paragraph 19 states legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 19.

20. Defendant denies the allegations in Paragraph 20.

21. Defendant admits the allegations in Paragraph 21.

22. Defendant denies the allegations in Paragraph 22.

23. Defendant denies the allegations in Paragraph 23.

24. Defendant states that Paragraph 24 states legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 24.

25. Defendant denies the allegations in Paragraph 25.

26. Defendant states that Paragraph 26 states legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 26.

27. Defendant states that Paragraph 27 states legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 27.

28. Defendant states that Paragraph 28 states legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 28.

29. Defendant states that Paragraph 29 states legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 29.

30. Defendant denies the allegations in Paragraph 30.

### AS TO "COUNT I (Fair Labor Standards Act – Overtime)"

31. Defendant incorporates by reference his responses to all foregoing Paragraphs as if fully set forth herein.

32. Defendant states that Paragraph 32 states legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 32.

33. Defendant denies the allegations in paragraph 33.

34. Defendant states that Paragraph 34 states legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 34.

35. Defendant states that Paragraph 35 states legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 35.

36. Defendant states that Paragraph 36 sets forth Plaintiff's legal theories of recovery to which no response is required. To the extent that an answer is required, Defendant denies the allegations in Paragraph 36.

**AS TO "COUNT II (New York Labor Law – Overtime)"**

41. Defendant incorporates by reference his responses to all foregoing Paragraphs as if fully set forth herein.[1]

42. Defendant states that Paragraph 42 states legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 42.

43. Defendant states that Paragraph 43 states legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 43.

44. Defendant states that Paragraph 44 states legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 44.

45. Defendant states that Paragraph 45 sets forth Plaintiff's legal theories of recovery to which no response is required.  To the extent that an answer is required, Defendant denies the allegations in Paragraph 45.

**AS TO "COUNT III (New York Labor Law – Spread-Of-Hours)"**

46. Defendant incorporates by reference this responses to all foregoing Paragraphs as if fully set forth herein.

47. Defendant states that Paragraph 47 states legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 47.

48. Defendant states that Paragraph 48 states legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 48.

49. Defendant states that Paragraph 49 states legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 49.

---

[1] The numbering of the paragraphs in the amended complaint jumps to 41 at this point.

50. Defendant states that Paragraph 50 sets forth Plaintiff's legal theories of recovery to which no response is required.  To the extent that an answer is required, Defendant denies the allegations in Paragraph 50.

### AS TO "COUNT V (New York Labor Law – Wage Theft Prevention Act)"

51. Defendant incorporates by reference his responses to all foregoing Paragraphs as if fully set forth herein.

52. Defendant states that Paragraph 52 states legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 52.

53. Defendant states that Paragraph 53 states legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 53.

54. Defendant states that Paragraph 54 states legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 54.

55. Defendant states that Paragraph 55 states legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 55.

56. Defendant states that Paragraph 56 sets forth Plaintiff's legal theories of recovery to which no response is required.  To the extent that an answer is required, Defendant denies the allegations in Paragraph 56.

### AS TO "PRAYER FOR RELIEF"

Defendant states that the allegations in this subsection set forth Plaintiff's legal theories of recovery to which no response is required and denies that Plaintiff is entitled to any relief possibly available as to all claims.

## AFFIRMATIVE DEFENSES

In addition to the defenses set forth below, Defendant expressly reserves the right to amend or supplement the allegations contained herein, and to assert any additional defenses that may become known to him in the course of discovery. Defendant does not intend to concede or imply that such defenses are affirmative defenses for which Defendant bears the burden of proof.

### First Affirmative Defense

The Complaint and each of the Counts pled therein fail to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims are barred by the de minimis doctrine and/or because the alleged damages are speculative.

### Third Affirmative Defense

Plaintiff's claims, in whole or in part, are barred by the applicable statute of limitations.

### Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

### Fifth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

### Sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### Seventh Affirmative Defense

Defendant, at all relevant times, has acted in good faith, in conformity with applicable law and regulations, and had reasonable grounds for believing their actions complied with the FLSA, NYLL, and NYCRR.

### Eighth Affirmative Defense

The Complaint fails to state a claim for which attorneys' fees and costs may be awarded.

### Ninth Affirmative Defense

While it is denied that any compensation is owed to Plaintiff in the event that it is determined that Plaintiff worked additional uncompensated time, such time was *de minimus* and is not compensable.

### Tenth Affirmative Defense

Defendant compensated Plaintiff based on his good faith reliance on the wage rules, regulations, and guidance promulgated by the United States Department of Labor and/or the New York Department of Labor.

### Eleventh Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because the hours Plaintiff allegedly worked were not authorized, approved, or known by Defendant.

### Twelfth Affirmative Defense

Plaintiff's claims are barred or should be reduced, in whole or in part, by exclusions, exemptions, credits, recoupment, and/or offsets permissible under the FLSA and the New York Labor Law.

### Thirteenth Affirmative Defense

While it is denied that any compensation is owed to Plaintiff, in the event that it is determined that Plaintiff is able to establish a violation of the FLSA and/or New York Labor Law, Defendant is entitled to use the half-time (or fluctuating workweek) method of calculating any compensation allegedly due.

### Fourteenth Affirmative Defense

Defendant has paid and/or Plaintiff has received all compensation due by virtue of his employment, including all wages, overtime, and any other compensation required by law.

### Fifteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Defendant exercised reasonable care and adopted and maintained effective policies and procedures for the payment of wages and overtime, and Plaintiff failed to utilize these policies and procedures or failed to take advantage of preventative or corrective opportunities.

### Sixteenth Affirmative Defense

Plaintiff's claims for statutory damages under the Wage Theft Prevention Act are barred, in whole or in part, because any failure to provide the required notices or wage statements was not willful and was the result of a good faith error, and Defendant made complete and timely payment of all wages due.

### Seventeenth Affirmative Defense

Plaintiff may not recover both prejudgment interest and liquidated damages under the FLSA and/or NYLL, as such recovery would constitute an improper double recovery.

### Eighteenth Affirmative Defense

Plaintiff's claims for spread-of-hours compensation under the NYLL are barred because Plaintiff's regular rate of pay exceeded the applicable minimum wage by a sufficient margin to offset any spread-of-hours obligation under applicable New York State Department of Labor regulations.

### Nineteenth Affirmative Defense

The alleged damages are not recoverable from Defendant because they are remote,

speculative, contingent, and/or not recoverable as a matter of law.

### Twentieth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to mitigate

his damages.

Dated: New York, New York

     June 4, 2026

                       Respectfully submitted,

                       **BOOK LAW LLP**

By: *Chaim Book*

Chaim B. Book, Esq.
7 Times Square, 19th Floor
New York, New York 10036
(212) 244 0344
cbook@booklawllp.com